UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOKCHEATH HIN,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE UNITED STATES MARSHALS SERVICE; CITY OF STOCKTON; COUNTY OF SAN JOAQUIN; ADAM GROFF; BERCHTOLD; CHRISTOPHER BRYAN SLATE; GUTIERREZ; M. GUILLEN; MYERS; and STATE OF CALIFORNIA,<br><br>Defendants. | No. 2:21-cv-00393-TLN-JDP<br><br>**ORDER** |

This matter is before the Court on Defendants Berchtold ("Berchtold") and the County of San Joaquin's (the "County") Motion to Dismiss (ECF No. 12), Defendant State of California's (the "State") Motion to Dismiss (ECF No. 20), and Defendant U.S. Department of Justice United States Marshals Service's (the "USMS") Motion to Dismiss (ECF No. 27).¹ All motions are fully briefed. (ECF Nos. 15, 21, 24, 28, 29, 31.) For the reasons set forth below, Berchtold and the County's Motion to Dismiss is GRANTED, the State's Motion to Dismiss is GRANTED, and the USMS's Motion to Dismiss is GRANTED.

---

¹ The Court shall refer to all Defendants collectively as "Defendants."

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of an incident in which Plaintiff alleges he "sustained severe bodily injuries, disfigurement, mutilation, pain and suffering[,] and emotional distress arising from multiple dog bite wounds when the [USMS], the California Department of Corrections and Rehabilitation[,] and the San Joaquin County Probations Department conducted a raid on Plaintiff['s] home . . . and released a K9 upon Plaintiff . . . in order to apprehend him." (ECF No. 1-1 at 6.) Plaintiff alleges he presented his claims for damages to the USMS, the City of Stockton, the County of San Joaquin, and the State of California, all of which rejected his claims. (*Id.* at 6–8.)

On August 26, 2020, Plaintiff filed his Complaint in San Joaquin County Superior Court that alleges claims for: (1) excessive force in violation of the Fourth and Fourteenth Amendments; (2) a due process violation of the Fourteenth Amendment; (3) excessive force, denial of equal protection and due process of law in violation of the California Constitution; (4) threats, intimidation, or coercion in violation of California Civil Code § 52.1; (5) violation of statutory duty under California Civil Code § 3342; (6) negligence; (7) assault and battery; (8) false imprisonment, kidnap, and abduction; (9) intentional infliction of emotional distress ("IIED"); and (10) negligent infliction of emotional distress ("NIED"). (*Id.* at 9–20.) On March 3, 2021, Defendants removed the action to this Court. (ECF No. 1.) On March 24, 2021, April 19, 2021, and March 18, 2021, Defendants filed the instant motions to dismiss.

### II. STANDARDS OF LAW

#### A. Motion to Dismiss for Improper Service of Process

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Fealy v. Social Sec. Admin.*, No. 2:13-cv-02282-MMD-VCF, 2014 WL 6629546, at *2 (D. Nev. Jul. 25, 2014) (quoting *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987)). "Rule 12(b)(5) authorizes the [d]istrict [c]ourt to dismiss a complaint without prejudice or allow the plaintiff leave to cure any defects based on improper service of process." *Id.* Rule 4(i)(2) provides: "To serve a United States agency or corporation . . . a party must serve the United States and also send a copy of the

2

summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i).

### B. Motion to Dismiss for Failure to State Claim

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570.

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not

been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In ruling on a motion to dismiss, a court may only consider the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

**III.  ANALYSIS**

    A.    <u>Berchtold and the County's Motion to Dismiss</u>

Berchtold and the County argue Plaintiff pleads insufficient facts for them to determine the scope of their alleged liability and Plaintiff's tenth claim for NIED fails because Plaintiff does not allege sufficient facts to establish he is a "direct victim." (ECF No. 12-1 at 4–5.) Because the Court finds Plaintiff fails to adequately plead that Berchtold and the County are liable for the misconduct alleged in the Complaint, it declines to address their second argument regarding NIED.

Berchtold and the County contend "[t]here are no facts that suggest that the allegedly offending K9 was owned, controlled, supervised, or deployed by Berchtold or any County agent"

and the Complaint "does not allege any facts of any kind whatsoever to contend the County had any involvement in any way, shape, or form of introducing the allegedly offending K9 into the scene or [Plaintiff's] arrest." (*Id.* at 4–5 (emphasis removed).) Berchtold and the County also state there are no facts in the Complaint that Berchtold "engaged in any specific tortuous activity" other than to allege he "was involved" in the incident. (*Id.* at 5.)

In opposition, Plaintiff asserts the allegations in the Complaint are recitations from the Stockton Police Incident Report, which states that Defendants, including the County and Berchtold, conducted a raid on his home and released a K9 to apprehend him. (ECF No. 15 at 5.) Plaintiff contends that the allegations are a factual account of the improper practices, not "mere legal conclusions," and that he "will not be able to allege more than what is already alleged within his Complaint without being able to conduct discovery and take depositions in order to determine the exact details of the raid of Plaintiff's home." (*Id.*)

Plaintiff's sole allegations regarding the incident in question that mentions Berchtold and the County are the following:

> On August 20, 2019, . . . [P]laintiff sustained bodily injuries as a result of multiple dog bite wounds when the U.S. Marshal's Office, the California Department of Corrections and Rehabilitation, and the San Joaquin County Probation Department conducted a raid on [P]laintiff['s] . . . home located at 9307 Kirby Lane in the City of Stockton, County of San Joaquin, State of California, and released a K9 upon [P]laintiff . . . in order to apprehend him.

(ECF No. 1-1 at 6.) Plaintiff's only reference to Berchtold is that "[b]ased upon information and belief, Defendant Officer Berchtold was a San Joaquin County Probation Officer and was involved in the August 20, 2019 incident leading to Plaintiff['s] . . . significant injuries and damages." (*Id.* at 8.) Based on the foregoing, the Court agrees with Berchtold and the County that Plaintiff "does not allege any specific conduct that . . . falls with any of . . . [P]laintiff's ten causes of action." (ECF No. 12-1 at 4.) The Court finds these allegations do not give Berchtold and the County "fair notice of what the" claims are and "the grounds upon which [they] rest[]." *Twombly*, 550 U.S. at 555. Because Plaintiff explicitly contends he cannot allege more what has already been alleged, the Court finds the Complaint "could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130. Accordingly, Berchtold and the County's motion to

5

dismiss is GRANTED without leave to amend and Berchtold and the County are DISMISSED from the action.

### B. The State's Motion to Dismiss

The State argues the following: (1) the Eleventh Amendment and the plain language of 42 U.S.C. § 1983 ("§ 1983") bars Plaintiff's first and second claims; (2) Plaintiff's third and fourth claims are barred as a matter of law; (3) Plaintiff fails to allege the statutory basis for holding the State liable for negligence, assault and battery, false imprisonment, IIED, and NIED; and (4) Plaintiff fails to allege sufficient facts to show the purported misconduct of any State employee to give rise to a plausible claim against the State or its employees. (*See* ECF No. 20.) The Court will consider each argument in turn.

#### i. *Claims One and Two: Excessive Force and Due Process Violations*

The State argues Plaintiff's first and second claims are based on allegations that the California Department of Corrections and Rehabilitation ("CDCR") and other entities conducted a raid of his home, but "Plaintiff did not name CDCR or any State or CDCR employee or official as a Defendant." (ECF No. 20 at 6.) In light of the fact that Plaintiff seeks only monetary damages, the State contends it has absolute immunity under the Eleventh Amendment and is not a "person" within the meaning of § 1983. (*Id.*)

In opposition, Plaintiff does not directly dispute the State's argument but rather asserts the Eleventh Amendment "prohibits the federal courts from hearing certain lawsuits against states" and "has also been interpreted to mean that state courts do not have to hear certain suits against the state, if those suits are based on federal law." (ECF No. 24 at 4.) Plaintiff appears to cite the standard for qualified immunity to argue that he "had a right not to be a victim of excessive use of force by the police such as being mauled by a K9," yet the officers "still went forward with sending a K9 onto him." (*Id.* at 4–5.) Plaintiff further states he "was not even the target of the raid and was never intended to be apprehended to begin with" and "[t]he police had no reason to send a K9 onto him but used excessive force nonetheless." (*Id.* at 5.)

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub.*

6

*Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007); *see also Hubbard v. California Dep't of Corr. & Rehab.*, 585 F. App'x 403, 404 (9th Cir. 2014) (affirming dismissal of CDCR, Pleasant Valley State Prison, and Wasco State Prison as state agencies immunized by the Eleventh Amendment). This Eleventh Amendment immunity extends to state law claims over which a federal court could exercise supplemental jurisdiction. *S.B. v. Cal. Dep't of Educ.*, 327 F. Supp. 3d 1218, 1235 (E.D. Cal. 2018). However, the Eleventh Amendment does not bar federal or pendent state claims brought against a state official in his personal capacity. *Ashker v. Cal. Dep't of Corr.*, 112 F.3d 392, 394–95 (9th Cir. 1997).

Plaintiff's sole allegations regarding the incident in question that mentions the State or CDCR are the following:

> On August 20, 2019, . . . [P]laintiff sustained bodily injuries as a result of multiple dog bite wounds when the U.S. Marshal's Office, the California Department of Corrections and Rehabilitation, and the San Joaquin County Probation Department conducted a raid on [P]laintiff['s] . . . home located at 9307 Kirby Lane in the City of Stockton, County of San Joaquin, State of California, and released a K9 upon [P]laintiff . . . in order to apprehend him.

(ECF No. 1-1 at 6.) In light of cursory allegations against CDCR and the aforementioned authorities, the Court finds Plaintiff's claims against the State and State entities are barred by the Eleventh Amendment. Plaintiff does not assert any claims against state officials in their personal capacity in the FAC. The Court also agrees with the State's assertion that "[t]he Ninth Circuit has recognized that '[t]he State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity.'" (ECF No. 20 at 6 (quoting *Dittman v. California*, 191 F.3d 1020, 1025–26 (9th Cir. 1999)).) Accordingly, the State's motion to dismiss Plaintiff's second and third claims against the State is GRANTED without leave to amend.

> *ii.     Claims Three and Four: Violations of the California Constitution and California Civil Code § 52.1*

With respect to the third claim, Plaintiff alleges Defendants: (1) "violated the right of Plaintiff . . . to be secure in his home, person, and effects against unreasonable searches and

7

seizures and not be subjected to the use of deadly and[/]or otherwise excessive or unreasonable force, as guaranteed by [a]rticle I, [§] 13"; (2) "violated the right of . . . Plaintiff . . . to be secure from deprivations of life, liberty or property without due process rights of law, and not to be deprived of necessary medical care as guaranteed by [a]rticle I, [§] 7"; and (3) deprived him of the right to "receive equal protection of the laws, and not be deprived of due process of the laws." (ECF No. 1-1 ¶¶ 34–36.) With respect to the fourth claim, Plaintiff alleges Defendants "interfered, by threats, intimidation, or coercion, or attempted to interfere by threats, intimidation, or coercion, with the exercise or enjoyment of Plaintiff['s] . . . rights as secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or the laws of the state of California, in violation of California Civil Code § 52.1." (*Id.* at ¶ 38.)

The State argues there is no cause of action for damages for alleged violations of article I, § 7 for due process and equal protection violations under the California Constitution "when such an action is not tied to an established common law or statutory action." (ECF No. 20 at 6–7.) The State further argues that courts in the Eastern District "have consistently held that '[§] 13 of Article I of the California Constitution does not confer a private right of action for damages.'" (*Id.* at 7 (quoting *Risse v. Porter*, No. 2:19-cv-00624-TLN-AC, 2020 WL 1433144, at *8 (E.D. Cal. Mar. 24, 2020)).) The State contends that because the § 52.1 claim "does not on its face provide any claim against the State itself" and "a public entity cannot be liable under . . . § 52.1," and Plaintiff does not allege any State employee was engaged in this conduct nor seeks to hold the State vicariously liable of the conduct of his employees, the fourth claim fails as a matter of law. (*Id.* at 8.)

In opposition, Plaintiff asserts he has not yet been able to ascertain the identities of the [CDCR] officers involved in the raid" and therefore "had no option but to only name the State of California as a party to this suit." (ECF No. 24 at 5.) Plaintiff states he will ascertain the identity of officers after discovery, which is why he has named Doe Defendants. (*Id.*)

In reply, the State contends Plaintiff "failed to explain how identifying the CDCR officers will save his claims . . . when [the State] cited authorities that no cause of action for damages exists for alleged violations of [a]rticle I, [§§] 7 and 13" and still failed "to specify the conduct

the CDCR officers engaged in to give rise to a claim under § 52.1." (ECF No. 28 at 2.)

Article I, § 7 of the California Constitution provides that "[a] person may not be deprived of life, liberty, or property without the due process of law or denied equal protection of the laws." Cal. Const. art. 1, § 7, subd. (a). Case law has clearly established that a plaintiff may not recover monetary damages under § 7(a). *See Katzberg v. Regents of the Univ. of Cal.*, 29 Cal. 4th 300, 329 (2002) (§ 7(a) does not contain "a right to seek damages to remedy the asserted violation of the due process liberty interest"); *Javor v. Taggart*, 98 Cal. App. 4th 795, 807 (2002), *as modified* (May 23, 2002) ("It is beyond question that a plaintiff is not entitled to damages for a violation of the due process clause or the equal protection clause of the state Constitution." (internal citations omitted)). This Court has also recognized article I, § 13 "does not confer a private right of action for damages" and California Government Code §§ 815.2 and 820(a) do not create a substantive right of action that can stand alone. *Risse*, 2020 WL 1433144, at *8 (internal citation omitted). Accordingly, the State's motion to dismiss Plaintiff's third claim is GRANTED without leave to amend.

The California Tort Claims Act provides: "Except as otherwise provided by statute[,][a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." Cal. Gov. Code § 815. "California courts have interpreted § 815 to require a specific statutory basis for either direct or indirect claims against a public entity." *Johnson v. Sacramento Cnty.*, No. Civ. S-06-0169 RRB GGH, 2007 WL 2391015, at *3 (E.D. Cal. Aug. 22, 2007) (citing *Eastburn v. Reg'l Fire Prot. Auth.*, 31 Cal. 4th 1175, 1179–82 (2003); *Munoz v. City of Union City*, 120 Cal. App. 4th 1077, 1110–12 (2004)). Section 52.1 does not provide a statutory exception to the State's immunity. *Towery v. State of California*, 14 Cal. App. 5th 226, 236 (2017). Accordingly, the State's motion to dismiss Plaintiff's fourth claim is GRANTED without leave to amend.

### iii.   *Claims Six through Ten: Negligence, Assault and Battery, False Imprisonment, IIED, and NIED*

The State argues "Plaintiff cites to California Penal Code §§ 236, 784, 830.31, 835(a), and 836 and California Civil Code §§ 43 and 333 as the basis for seeking to hold the State liable for

negligence, assault and battery, false imprisonment, and intentional and negligent infliction of emotional distress." (ECF No. 20 at 9 (citing ECF No. 1-1 ¶¶ 46, 53, 59, 65, 71).)  The State notes, however, that "none of these statutes speak to or provide that a public entity, like the State, is liable for any of these claims." (*Id.*)  The State further notes that Plaintiff alleges "Defendants are liable for each other under the doctrine of respondeat superior" for these claims, but "cites no statute that provides the State can be held liable for the conduct of another public entity or that entity's employees." (*Id.* at 10 (citing ECF No. 1-1 ¶¶ 46, 53, 59, 65, 71).)  The State finally notes that Plaintiff seeks punitive damages for these claims, but "punitive damages are not recoverable against a public entity as a matter of state and federal law." (*Id.*)

In opposition, Plaintiff asserts "it is clear that employees of [the State], namely the officers of [CDCR], were involved in a raid on Plaintiff's home, which resulted in Plaintiff being severely mauled by a police K9." (ECF No. 24 at 6.)  Plaintiff notes these claims "are properly plead against [the State] via Government Code [§] 815.2." (*Id.*)

California Government Code § 815.2 provides that "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."  However, as previously noted, California courts "require a specific statutory basis for *either direct or indirect claims* against a public entity." *Johnson*, 2007 WL 2391015, at *3 (emphasis added); *Munoz*, 120 Cal. App. 4th at 1110–12.

Nowhere in Plaintiff's Complaint does he specify a statutory basis for any of these claims. (*See* ECF Nos. 1-1, 24.)  The Court further agrees with the State that the sections of the California Penal Code and the California Civil Code to which Plaintiff cites also do not provide a statutory basis for these claims.  (ECF No. 20 at 9–10.)  Accordingly, the State's motion to dismiss Plaintiff's sixth, seventh, eighth, ninth, and tenth claims is GRANTED.

       *iv.*  *Sufficiency of Plaintiff's Allegations*

The State argues generally that "Plaintiff's allegations are so generalized and vague that they fail to state any cognizable claim against the State or its employees," as he "did not allege

10

any facts concerning the conduct of CDCR employee(s) involved in the raid, including but not limited to whether they were involved in seizing, restraining, pointing their guns at him, or otherwise threatening him, and whether the conduct of any State or CDCR employee was 'outrageous.'" (ECF No. 20 at 10–11.) The State contends therefore Plaintiff fails to plead any cognizable claim, as alleged in the first to tenth cause of action. (*Id.* at 11.)

In opposition, Plaintiff maintains the allegations in the Complaint are "taken directly from the Stockton Police Incident Report" and "in no way relies upon mere legal conclusions but contains a factual account of Defendants' improper practices." (ECF No. 24 at 7.) Plaintiff also states he "will not be able to allege more facts than what is already alleged within his Complaint without being able to conduct discovery and take depositions in order to determine the exact details of the raid on Plaintiff's home, including which officers were present when the K9 that mauled Plaintiff was released upon him and which officer(s) gave the order for the K9 to be unleashed." (ECF No. 24 at 7.)

As previously stated, Plaintiff's sole allegations regarding the incident in question that mentions the State or CDCR are the following:

> On August 20, 2019, . . . [P]laintiff sustained bodily injuries as a result of multiple dog bite wounds when the U.S. Marshal's Office, the California Department of Corrections and Rehabilitation, and the San Joaquin County Probation Department conducted a raid on [P]laintiff['s] . . . home located at 9307 Kirby Lane in the City of Stockton, County of San Joaquin, State of California, and released a K9 upon [P]laintiff . . . in order to apprehend him.

(ECF No. 1-1 at 6.) The Court finds these allegations do not give the State "fair notice of what the" claims are and "the grounds upon which [they] rest[]." *Twombly*, 550 U.S. at 555. Because Plaintiff explicitly contends he cannot allege more what has already been alleged, the Court finds the Complaint "could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130. Accordingly, the State's motion to dismiss is GRANTED without leave to amend and the State is DISMISSED from the action.

///

///

///

11

           C.      <u>The USMS's Motion to Dismiss</u>

The USMS argues Plaintiff did not properly serve the USMS under Rule 4(i).[2] (ECF No. 27-1 at 1.) The USMS argues Plaintiff sent the Complaint by commercial carrier, but Rule 4(i)(2) explicitly requires service on an agency by registered or certified mail and Plaintiff did not serve the U.S. Attorney or the Attorney General as required by Rule 4.[3] (*Id.* at 4–5.)

In opposition, Plaintiff concedes he sent the Summons and Complaint via FedEx to the USMS, but contends the Summons and Complaint was served on "A. Owens, a clerk authorized to accept service of process per the USMS's service instructions," and therefore the USMS was served properly. (ECF No. 29 at 5.) Plaintiff also notes Assistant U.S. Attorney Brodie M. Butland confirmed by email on April 12, 2021, that he had received the operative Summons and Complaint and stated he expected to file a response on or before May 18, 2021. (*Id.*) Plaintiff notes, therefore, that the USMS's filing of the instant motion to dismiss "waiv[es] any sort of issue with regard to service." (*Id.*) Plaintiff contends that even if service was not proper, it is not a basis upon which to dismiss the case and Plaintiff should be given the opportunity to properly serve. (*Id.*)

In reply, the USMS notes Plaintiff did not address that he failed to serve the U.S. Attorney's Office or the U.S. Attorney General. (ECF No. 31 at 2.) The USMS maintains "mere receipt of a complaint by means other than that prescribed rule does not satisfy service requirements" nor did it waive any issue with service by confirming it received a FedEx package. (*Id.* at 2–3.) The USMS notes that in the same email on April 12, 2021, the USMS "expressly disputed" that service was valid. (*Id.* at 3; *see* ECF No. 27-3 at 3.)

---

[2] The USMS also moves to dismiss Plaintiff's claims and Complaint on other grounds, but the Court declines to address them as it finds Plaintiff's Complaint warrants dismissal for improper service.

[3] The USMS also argues it was improper for Plaintiff to mail a state court summons to the USMS rather than the one issued from this Court. Plaintiff fails to dispute this point in opposition (*see* ECF No. 29), and as the USMS correctly states, when the summons in the state court action was issued but not served prior to removal to federal court, "the state court process becomes null and void on the date the action is removed to federal court." *Beecher v. Wallace*, 381 F.2d 372, 373 (9th Cir. 1967). Plaintiff should have served the summons from this Court on the USMS.

Rule 4(i)(2) provides: "To serve a United States agency or corporation . . . a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i). Rule 4(i)(1) further provides that in order to serve the United States, a party must deliver a copy of the summons and the complaint to the United States attorney for the district where the action is brought and send a copy of each by registered or certified mail to the Attorney General of the United States. *Id.* "In the case of a suit against a United States agency, '[t]he court must allow a party reasonable time to cure its failure to serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or Attorney General of the United States." *Fealy*, 2014 WL 6629546, at *2. Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Here, as the USMS correctly notes and Plaintiff does not dispute, Plaintiff has not sent the Summons and Complaint by certified or registered mail nor has he served either the U.S. Attorney or the Attorney General. Plaintiff originally filed this action in San Joaquin County Superior Court on August 26, 2020 (ECF No. 1-1 at 5) and still had not served the USMS at the time of removal to this Court on March 3, 2021 (ECF No. 1). Plaintiff finally served the USMS on March 19, 2021, almost six months after the action was first filed. Plaintiff failed to properly serve the United States Attorney for the Eastern District of California and the United States Attorney General within the 90-day period or to provide good cause for such failure. It does not appear Plaintiff has made a good faith effort to comply with the requirements of Rule 4. Plaintiff's Complaint against the USMS should therefore be dismissed without prejudice under Rule 12(b)(5). *See Sheridan v. Leavitt*, 121 F. App'x 780, 781 (9th Cir. 2005) (affirming district court's dismissal of plaintiff's action without prejudice to failure to properly effect service of process because plaintiff did not serve the Attorney General of the United States as required by

Rule 4(i)).  Accordingly, the USMS's motion to dismiss based on improper service of process is GRANTED.

       **IV.**    **CONCLUSION**

Based on the foregoing, the Court hereby GRANTS Berchtold and County of San Joaquin's Motion to Dismiss (ECF No. 12), GRANTS the State of California's Motion to Dismiss (ECF No. 20), and GRANTS the U.S. Department of Justice United States Marshals Service's Motion to Dismiss (ECF No. 27).  Berchtold, County of San Joaquin, and the State of California are DISMISSED from the action.  Plaintiff has seven (7) days from the electronic filing date of this Order to effectuate proper service of process on the USMS.

IT IS SO ORDERED.

DATED: March 8, 2022

Troy L. Nunley
United States District Judge

14