UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOKCHEATH HIN, | No. 2:21-cv-00393-TLN-JDP |
| Plaintiff, | |
| v. | **ORDER** |
| U.S. DEPARTMENT OF JUSTICE UNITED STATES MARSHALS SERVICE, et al., | |
| Defendants. | |

This matter is before the Court on Defendant United States Marshals Service's ("USMS") Motion to Dismiss.  (ECF No. 45.)  Plaintiff Sokcheath Hin ("Plaintiff") filed an opposition. (ECF No. 49.)  USMS filed a reply.  (ECF No. 53.)  Also before the Court is Defendant Adam Groff's ("Groff") Motion to Dismiss.  (ECF No. 47.)  Plaintiff filed an opposition.  (ECF No. 50.) Groff filed a reply.  (ECF No. 54.)  For the reasons set forth below, the Court GRANTS Defendants' motions.

///

///

///

///

///

1

I.      FACTUAL AND PROCEDURAL BACKGROUND

This case arises from dog bite injuries Plaintiff sustained during a law enforcement raid of his home on August 20, 2019.  (ECF No. 1-1 at 6.)  Plaintiff filed the Complaint in San Joaquin County Superior Court on August 26, 2020, alleging various state and federal claims.  (*Id.* at 5.)  The action was removed to this Court based on federal question jurisdiction on March 3, 2021.  (ECF No. 1 at 1.)  USMS filed its motion to dismiss pursuant to Federal Rules of Civil Procedure ("Rule" or "Rules") 12(b)(1) and 12(b)(6) on May 23, 2022.  (ECF No. 45.)  Groff filed his motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) on May 31, 2022.  (ECF No. 47.)

II.      STANDARDS OF LAW

A.      Rule 12(b)(1)

A motion under Rule 12(b)(1) challenges a federal court's jurisdiction to decide claims alleged in the complaint.  Fed. R. Civ. P. 12(b)(1); *see also id.* at 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  A court considering a motion to dismiss for lack of subject matter jurisdiction is not restricted to the face of the complaint and may review any evidence to resolve disputes concerning the existence of jurisdiction.  *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988); *see also Thornhill Pub. Co., Inc. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) (in a factual attack on subject matter jurisdiction, "[n]o presumptive truthfulness attaches to plaintiff's allegations.").  "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence."  *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009) (quoting *Rattlesnake Coal. v. E.P.A.*, 509 F.3d 1095, 1102 n.1 (9th Cir. 2007)).

B.      Rule 12(b)(6)

A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic*

2

1   *v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted).  "This simplified

2   notice pleading standard relies on liberal discovery rules and summary judgment motions to

3   define disputed facts and issues and to dispose of unmeritorious claims."  *Swierkiewicz v. Sorema*

4   *N.A.*, 534 U.S. 506, 512 (2002).

5           On a motion to dismiss, the factual allegations of the complaint must be accepted as true.

6   *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court must give the plaintiff the benefit of every

7   reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail*

8   *Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege

9   "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

10  relief."  *Twombly*, 550 U.S. at 570 (internal citation omitted).

11          Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of

12  factual allegations."  *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

13  While Rule 8(a) does not require detailed factual allegations, "it demands more than an

14  unadorned, the defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A

15  pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

16  elements of a cause of action."  *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678

17  ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

18  statements, do not suffice.").  Thus, "[c]onclusory allegations of law and unwarranted inferences

19  are insufficient to defeat a motion to dismiss" for failure to state a claim.  *Adams v. Johnson*, 355

20  F.3d 1179, 1183 (9th Cir. 2004) (citations omitted).  Moreover, it is inappropriate to assume the

21  plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws

22  in ways that have not been alleged."  *Associated Gen. Contractors of Cal., Inc. v. Cal. State*

23  *Council of Carpenters*, 459 U.S. 519, 526 (1983).

24          Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough

25  facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim

26  has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

27  reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at

28  680.  While the plausibility requirement is not akin to a probability requirement, it demands more

than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  This plausibility

inquiry is "a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." *Id.* at 679.  Thus, only where a plaintiff fails to "nudge [his or

her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly

dismissed.  *Id.* at 680 (internal quotations omitted).

In ruling on a motion to dismiss, a court may consider only the complaint, any exhibits

thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201.

*See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v.

Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998); *see also Daniels-

Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (the court need not accept as true

allegations that contradict matters properly subject to judicial notice).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to

amend even if no request to amend the pleading was made, unless it determines that the pleading

could not possibly be cured by the allegation of other facts.'"  *Lopez v. Smith*, 203 F.3d 1122,

1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995));

*see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in

denying leave to amend when amendment would be futile).

**III.   ANALYSIS**

A.   USMS's Motion to Dismiss

USMS moves for dismissal for the following reasons: (1) the Court lacks subject matter

jurisdiction over USMS; (2) Plaintiff has not alleged facts showing plausible claims against

USMS; (3) Plaintiff's claims fail as a matter of law on the merits; and (4) the Federal Tort Claims

Act ("FTCA") forbids an award of punitive damages and the recovery of attorney's fees.  (ECF

No. 45-1 at 1.)  Because the Court concludes it lacks subject matter jurisdiction over USMS, the

Court need not and does not address USMS's remaining arguments.

The United States and its federal agencies are immune from suit absent a waiver providing

for their consent to be sued.  *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  "The terms of consent to

be sued may not be inferred, but must be 'unequivocally expressed.'"  *United States v. White Mt.*

*Apache Tribe*, 537 U.S. 465, 472 (2003) (citation omitted).  "A party bringing a cause of action against the federal government bears the burden of demonstrating an unequivocal waiver of immunity."  *Cunningham v. United States*, 786 F.2d 1445, 1446 (9th Cir. 1986).

In Claims One and Two, Plaintiff alleges constitutional violations under 42 U.S.C. § 1983. (ECF No. 1-1 at 9–12.)  The Ninth Circuit has held that federal agencies have sovereign immunity against § 1983 claims.  *See Jachetta v. United States*, 653 F.3d 898, 908 (9th Cir. 2011) ("§ 1983 . . . impose[s] liability upon a 'person,' and a federal agency is not a 'person' within the meaning of these provisions.").  In Claims Three through Ten, Plaintiff alleges various state law claims.  (*Id.* at 12–20.)  "The FTCA is the exclusive remedy for tortious conduct by the United States, and it only allows claims against the United States."  *FDIC v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998).  "Although such claims can arise from the acts or omissions of United States agencies. . ., an agency itself cannot be sued under the FTCA."  *Id.*

As to Claims One and Two, USMS cites several cases, including *Jachetta*, to support the proposition that, as a federal agency, it is not subject to suit under § 1983.  (*See* ECF No. 45-1 at 3–4.)  In opposition, Plaintiff summarily argues — without citing case law or distinguishing USMS's cases — "the United States has waived sovereign immunity through the [FTCA], which waives immunity if a tortious act of a federal employee causes damage."  (ECF No. 49 at 3.) Plaintiff does not cite any authority or further develop his argument to persuade the Court that USMS waived its sovereign immunity for the § 1983 claims.[1]  As to Claims Three through Ten, Plaintiff fails to respond to the ample case law cited by USMS indicating that, as federal agency, USMS cannot be sued under the FTCA.  (*See* ECF No. 45-1 at 4.)

Accordingly, the Court DISMISSES all of Plaintiff's claims against USMS.

///

///

///

---

[1]     Plaintiff seems to argue that Claims One and Two are also brought pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).  However, Claims One and Two explicitly state they are brought pursuant to § 1983 and do not mention *Bivens*.  (ECF No. 1-1 at ¶¶ 21, 28.) The Court therefore construes Claims One and Two as § 1983 claims.

1          B.      Groff's Motion to Dismiss

2          Groff moves for dismissal for the following reasons: (1) Groff has immunity against

3   Plaintiff's claims; (2) Plaintiff has not alleged facts showing plausible claims against Groff; and

4   (3) Plaintiff's claims fail as a matter of law on the merits.  (ECF No. 47-1 at 10.)  Because the

5   Court concludes Plaintiff fails to allege Groff is liable under § 1983, the Court need not and does

6   not address Groff's remaining arguments.

7          Groff argues he is not subject to suit for Claims One and Two because he is a federal

8   official and thus was not acting under the color of state law as required for § 1983 claims.  (ECF

9   No. 47-1 at 12.)  Groff further argues Claims Three through Ten should be dismissed because

10  state law claims cannot be brought against federal employees acting within the scope of their

11  employment but instead must be brought against the United States.  (*Id.* at 18.)

12         As to Claims One and Two, the Ninth Circuit has "held that the 'under color of state law'

13  requirement in § 1983 'provides no cause of action against federal agents acting under color of

14  federal law.'"  *Magassa v. Mayorkas*, 52 F.4th 1156, 1163 (9th Cir. 2022) (quoting *Billings v.*

15  *United States*, 57 F.3d 797, 801 (9th Cir. 1995)).  Groff cites ample case law to support the

16  contention that Groff, a federal employee, is not subject to suit under § 1983.  (ECF No. 47-1 at

17  12.)  Plaintiff provides no case law or argument in opposition to persuade the Court that Groff

18  was acting under color of state law as required for a § 1983 claim.  Therefore, the Court

19  DISMISSES Claims One and Two against Groff.

20         When a federal court has dismissed all claims over which it has original jurisdiction, it

21  may, at its discretion, decline to exercise supplemental jurisdiction over the remaining state law

22  claims.  *See* 28 U.S.C. § 1367(c)(3); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–40

23  (2009).  Because this Court's federal question jurisdiction depends on Plaintiff stating a viable

24  federal claim, the Court declines to rule on Groff's challenges to Plaintiff's remaining state law

25  claims herein.[2]  *See Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) (stating that courts have

26  _____

27  [2]      The Court notes, however, that Groff persuasively argues that FTCA claims must be
    brought against the United States — not federal employees acting within the scope of their
28  employment.  *See* 28 U.S.C. § 2679(b), (d); *Osborn v. Haley*, 549 U.S. 225, 229 (2007).  Plaintiff
    fails to respond to this argument in any meaningful way.  If Plaintiff chooses to file an amended

                                                    6

1  inherent power "to control the disposition of the causes on its docket with economy of time and
2  effort for itself, for counsel, and for litigants").

3  **IV.    CONCLUSION**

4       For the foregoing reasons, the Court GRANTS Defendants' Motions to Dismiss with
5  leave to amend.  (ECF Nos. 45, 47.)  Plaintiff shall file an amended complaint not later than thirty
6  (30) days from the electronic filing date of this Order.  Defendants shall file a responsive pleading
7  not later than twenty-one (21) days after the electronic filing of the amended complaint.  If
8  Plaintiff opts not to file an amended complaint, the Court will decline to exercise supplemental
9  jurisdiction over the remaining state law claims and dismiss the action.

10       IT IS SO ORDERED.

11  **DATED:  January 2, 2023**

13                            Troy L. Nunley
14                            United States District Judge

28  complaint, he is encouraged to ensure he is filing suit against the proper party.